GEKP

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19    4923**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1659 Ramble Road, Langhorne, PA 19047 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Bucks _____

---

**RELATED CASE, IF ANY:**

Case Number: **19 - 4851**     Judge: **Pratter**     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/21/2019**     *Daniel McCormick*     _____
                                  *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights    **555**
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

G E K P

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| Edwards | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO.  **19    4923** |

Bucks County Correctional Facility

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( ☐ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( ☐ )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( ☐ )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( ☐ )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.  ( ☐ )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  **555** ( ☒ )

| OCT **2 1** 2019 | Daniel  Mc Gurnal | |
|---|---|---|
| **Date** | **Deputy Clerk** | **Attorney for** |

| | | |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

GEKP

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

*GERALD EDWARDS*

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**19    4923**

- against -

*BUCKS COUNTY*
*CORRECTIONAL FACILITY*

**COMPLAINT**

Jury Trial:  ☐ Yes    ☐  No

*(check one)*

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name           _____

               Street Address _____

               County, City   _____

               State & Zip Code _____

               Telephone Number _____

*Rev. 10/2009*

B.     List all defendants.  You should state the full name of the defendants, even if that defendant is a
       government agency, an organization, a corporation, or an individual.  Include the address where each
       defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in
       the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1          Name _*BUCKS  COUNTY  CORRECTIONAL FACILITY*_

                         Street Address _*611 RT*_

                         County, City _*DOYLESTOWN*_

                         State & Zip Code _*PA  18901*_


Defendant No. 2          Name _____

                         Street Address _____

                         County, City _____

                         State & Zip Code _____


Defendant No. 3          Name _____

                         Street Address _____

                         County, City _____

                         State & Zip Code _____


Defendant No. 4          Name _____

                         Street Address _____

                         County, City _____

                         State & Zip Code _____


## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases
involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a
case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C.
§ 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than
$75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction? *(check all that apply)*
       ☐   Federal Questions          ☐   Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at
       issue? _____
       _____
       _____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.  Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? BUCKS COUNTY CORRECTIONAL FACILITY 4/3/19 to 4/8/19 SEE ATTACH

B.   What date and approximate time did the events giving rise to your claim(s) occur? 4/3/19 / 4/8/19

---

**What happened to you?**

C.   Facts: did not get medical treatment. Had 2 infected teeth. They never gave me inhales. I never seen a doctor. told nurse when I arrived about my condition dizzy spells emphysema teeth

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _/9_ day of _____ Oct._ _____, 20_19_.

Signature of Plaintiff _____ Keld Clark _____

Mailing Address _/659 RAMBLE RD_

_LANGHORNE_

_PA 19047_

Telephone Number _267 981 0709_

Fax Number *(if you have one)* _____

E-mail Address _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

Gerald Edwards

V.

Bucks County

Correctional Facility

I Gerald Edwards the plaintiff am filing in title u.s. 42-1983.In u.s. court Easten Division Philadelphia Pa.In case no. cp-09-sa-0000318.

Now comes Gerald Edwards as the plaintiff in the case of cp-09-sa-0000318-2019 and cp-09-sa-0000104.

I was sent to Bucks County Correctional facility in Doylestown pa.18901 for some thing I had noting to do whit.

When I was there they refused me medicl treatment.I was suffering from 2 infected teeth. I told the nurse at the admitting place or intake center that I was having dizzy spells also over the past few weeks.And that I also suffer from emphysema. I also told the nurse that I some oxygen and inhalers.

When I was in the cell I filled every day paper work request tosee a doctor and a dentists.I never sean one.I have included medical records and records from E.R. room,Dr. and jail.After I got out.see attach.

As for the case against me I'll sent along some of the transcripts.here is what happen.The constable Jim McMeeking pick me up and took me to the magistrate Daniel Baranoski.he said he had a warrant.so I ask for it he never showed it.got to the magistrate court and ask for a warrant he did'nt have one.In fact the both of them never ask for ID of me ether.The only thing Daniel Baranoski said to me was enter a plea or go to jail.so I enter a plea and whet to jail any way.And he also got a $100.00 of of me.Here I was denied due process.

At trail i try to file motions and briefs in my defense but as you can see in the transcripts the judge Clyde W. Waite denied it.He also said,on page 10 it was some kind of a circus.also 10 thought 16 the objections were raised in defense in the case.see attach.On page 20 the judge was in a hurry as to the time the trial was taking.On page 24 the issue was raised who owns the property though 30.Mr Freed the city attorney does not even have the deed to property that they can't seam to find on the map of the Neshamey Park. They could not even find the

geographic location.As for the construction of a road as in 36 thought 39 judge and witness discussing on the stand about building a road,for whit had noting to do in case.this is truly a due proses violation.

As you can see in cp-09-sa-oooo401-2019 they just sent a long the payment determination notice.They just wanted me to pay and move a long.Even Mr Freed said I should pay and get it over whit,that the city attorney.

As I'm 75 years and in poor health.I have been sudjected to undue hard ship physically and emotionally and money wise.

This is fraud perpetrated on me.

I move the court for equitable relief.

I ask the court for $500,00.00

# court lacks authority

I is clear the the Middletown township had no authority to operate or mandate of law and was the for whit out authority to bring this case against me.now there is a denial of due process. The constitution states only one command twice. The fifth amendment says to the federal government that no one shall be deprived of life property whit out due process of law. The fourteenth amendment uses the same thing.Its the due [process clause to describe a legal obligation of all states.These are the assurance that all american goverment must operate whit in the legality and provide fair procedurese ..                    Commonwealth of

pennaylvania,constitution.Article 3 (legislation) one throught twelve.Discribes how law is passed.and the constitution dose not give authority to any one else to do so, only the state legislation.

1

ction 504. Contents of Complaint. Chapter 5. Case 2:19-cv-04923-GEKP   Document 2   Filed 10/21/19   Page 12 of 61

State of Pennsylvania

Pennsylvania Code (Last Updated: April 5, 2016)
Title 234. RULES OF CRIMINAL PROCEDURE
Chapter 5. PRETRIAL PROCEDURES IN COURT
CASES

## Section 504. Contents of Complaint

*Latest version.*

Every complaint shall contain:

(1) the name of the affiant;

(2) the name and address of the defendant, or if unknown, a description of the defendant as nearly as may be;

(3) a direct accusation to the best of the affiant's knowledge, or information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania;

(4) the date when the offense is alleged to have been committed; provided, however:

(a) if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations; and

(b) if the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth;

(5) the place where the offense is alleged to have been committed;

(6) (a) in a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint. However, a citation of the statute allegedly violated, by itself, shall not be sufficient for compliance with this subsection; or

(b) in a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7) a statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania or in violation of an ordinance of a political subdivision;

## DISCUSSION

### A.   Wrongful Use of Civil Proceedings vs. Abuse of Process

In the instant matter, Plaintiffs have brought causes of action against all Defendants for both abuse of process and wrongful use of civil proceedings (also referred to as malicious prosecution). The torts of malicious prosecution and abuse of process are separate and distinct.

[7]

Broadwater v. Sentner, 725 A.2d 779, 782, 1999 Pa. Super. 24 (1999). The plaintiff must also prove that the prior proceedings terminated in its favor and against the Dragonetti action defendant. Id.

Conversely, "abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." McGee v. Feege, 517 Pa. 247, 259, 535 A.2d 1020, 1026 (1987); Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. 1998); Rosen v. Am. Bank of Rolla, 426 Pa. Super. 376, 627 A.2d 190, 192 (1993). To establish a claim for abuse of process, plaintiff must demonstrate that defendant: (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and that (3) harm has been caused to the plaintiff. Id. This tort differs from that of wrongful use of civil proceedings insofar as the gravamen of an abuse of process claim is the "perversion of legal process" in order to achieve a purpose which is not an authorized goal of the procedure in question. Werner, 2002 Pa. Super. at 42; Rosen, 627 A.2d at 192.

The inquiry at bar is whether Plaintiffs have set forth material, relevant, well-pleaded facts which, if true, state claims against Defendants, or any of them, for wrongful use of civil proceedings and/or abuse of process. However, Plaintiffs have failed to state a cause of action with respect to either claim. Each will be addressed in turn.

### B.   Plaintiffs Have Failed to State A Claim for Wrongful Use of Civil Proceedings

*Committee Explanatory Reports:*

Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

Final Report explaining the December 19, 2007 changes to paragraph (A) concerning areas of inquiry for waiver colloquy published with the Court's Order at 38 Pa.B. 62 (January 5, 2008).

Final Report explaining the March 29, 2011 changes to the Comment adding citations to recent case law concerning right to counsel, time for withdrawal of waiver, and forfeiture of right to counsel published with the Court's Order at 41 Pa.B. 2000 (April 16, 2011).

#### Source

The provisions of this Rule 121 amended December 19, 2007, effective February 1, 2008, 38 Pa.B. 61; amended March 29, 2011, effective May 1, 2011, 41 Pa.B. 1999. Immediately preceding text appears at serial pages (332091) to (332092) and (348259).

## Rule 122. Appointment of Counsel.

(A) Counsel shall be appointed:

(1) in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed;

(2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;

(3) in all cases, by the court, on its own motion, when the interests of justice require it.

(B) When counsel is appointed.

(1) the judge shall enter an order indicating the name, address, and phone number of the appointed counsel, and the order shall be served on the defendant, the appointed counsel, the previous attorney of record, if any, and the attorney for the Commonwealth pursuant to Rule 114 (Orders and Court Notices: Filing; Service; and Docket Entries); and

(2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

(C) A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons.

#### Comment

This rule is designed to implement the decisions of *Argersinger v. Hamlin*, 407 U. S. 25 (1972), and *Coleman v. Alabama*, 399 U. S. 1 (1970), that no defendant in a summary case be sentenced to



## Rule 513. Requirements for Issuance; Dissemination of Arrest Warrant Information.

(A) For purposes of this rule, "arrest warrant information" is defined as the criminal complaint in cases in which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case.

(B) ISSUANCE OF ARREST WARRANT

(1) In the discretion of the issuing authority, advanced communication technology may be used to submit a complaint and affidavit(s) for an arrest warrant and to issue an arrest warrant.

(2) No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(3) Immediately prior to submitting a complaint and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority in person, by telephone, or by any device which allows for simultaneous audio-visual communication. During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant. In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.

(4) At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavits provided for in paragraph (B)(2).

(C) DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

The affiant or the attorney for the Commonwealth may request that the availability of the arrest warrant information for inspection and dissemination be delayed. The arrest warrant affidavit shall include the facts and circumstances that are alleged to establish good cause for delay in inspection and dissemination.

(1) Upon a finding of good cause, the issuing authority shall grant the request and order that the availability of the arrest warrant information for inspection and dissemination be delayed for a period of 72 hours or until receipt of notice by the issuing authority that the warrant has been executed, whichever occurs first. The 72-hour period of delay may be preceded by an initial delay period of not more than 24 hours, when additional time is required to complete the administrative processing of the arrest warrant information before the arrest warrant is issued. The issuing authority shall complete the administrative processing of the arrest warrant information prior to the expiration of the initial 24-hour period.

(2) Upon the issuance of the warrant, the 72-hour period of delay provided in paragraph (C)(1) begins.

(3) In those counties in which the attorney for the Commonwealth requires that complaints and arrest warrant affidavits be approved prior to filing as provided in Rule 507, only the attorney for the Commonwealth may request a delay in the inspection and dissemination of the arrest warrant information.

## Comment

This rule was amended in 2013 to add provisions concerning the delay in inspection and dissemination of arrest warrant information. Paragraph (A) provides a definition of the term "arrest warrant information" that is used throughout the rule. Paragraph (B) retains the existing requirements for the issuance of arrest warrants. Paragraph (C) establishes the procedures for a temporary delay in the inspection and dissemination of arrest warrant information prior to the execution of the warrant.

ISSUANCE OF ARREST WARRANTS

Paragraph (B)(1) recognizes that an issuing authority either may issue an arrest warrant using advanced communication technology or order that the law enforcement officer appear in person to apply for an arrest warrant.

This rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant. All affidavits in support of an application for an arrest warrant must be sworn to before the issuing authority prior to the issuance of the warrant. The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority. *See* paragraph (B)(3).

All affidavits and applications filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing. *See* Rule 113.1.

This rule carries over to the arrest warrant the requirement that the evidence presented to the issuing authority be reduced to writing and sworn to, and that only the writing is subsequently admissible to establish that there was probable cause. In these respects, the procedure is similar to that applicable to search warrants. *See* Rule 203. For a discussion of the requirement of probable cause for the issuance of an arrest warrant, see *Commonwealth v. Flowers*, 369 A.2d 362 (Pa. Super. 1976).

The affidavit requirements of this rule are not intended to apply when an arrest warrant is to be issued for noncompliance with a citation, with a summons, or with a court order.

An affiant seeking the issuance of an arrest warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would

## Rule 504. Contents of Complaint.

Every complaint shall contain:

(1) the name of the affiant;

(2) the name and address of the defendant, or if unknown, a description of the defendant as nearly as may be;

(3) a direct accusation to the best of the affiant's knowledge, or information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania;

(4) the date when the offense is alleged to have been committed; provided, however:

(a) if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations; and

(b) if the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth;

(5) the place where the offense is alleged to have been committed;

(6) (a) in a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint. However, a citation of the statute allegedly violated, by itself, shall not be sufficient for compliance with this subsection; or

(b) in a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7) a statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania or in violation of an ordinance of a political subdivision;

(8) a notation if criminal laboratory services are requested in the case;

(9) a notation that the defendant has or has not been fingerprinted;

(10) a request for the issuance of a warrant of arrest or a summons, unless an arrest has already been effected;

(11) a verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities;

(12) a certification that the complaint complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents; and



# BUCKS COUNTY DEPARTMENT OF CORRECTIONS
# INCARCERATION DATE

AS OF:  7/29/19    1:02PM

| | | |
|---|---|---|
| **Name:** | EDWARDS, GERALD RUSSELL | |
| **Inmate Address** | 372721 N DARRION<br>Philadelphia, PA 19134 | () - |
| **Inmate Address** | 2076 COUNTY LINE RD.<br>APT 159<br>HUNTINGDON VALLEY, PA 19006 | (267) 226-9709 |
| **Inmate Address** | 1652 PROPECT AVENUE<br>Langhorne, PA 19047 | (267) 981-0709 |

**DOB:**        11/02/1944
**Sex:**        MALE
**BCP#:**       109231
**Booking #:**  2019001721

**Admit Date:**    4/3/19   16:34
**Release Date:**  4/8/19   8:34

# COURT OF COMMON PLEAS OF BUCKS COUNTY

### DOCKET

**Docket Number: CP-09-SA-0000318-2019**

## SUMMARY APPEAL DOCKET

**Non-Traffic**



Commonwealth of Pennsylvania

v.

Gerald Edwards

Page 2 of 4

### DISPOSITION SENTENCING/PENALTIES

| Disposition | | | |
|---|---|---|---|
| Case Event | Disposition Date | Final Disposition | |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

| | | | | |
|---|---|---|---|---|
| **Guilty by Trial (Lower Court)** | Defendant Was Present | | | |
| Lower Court Disposition | 05/01/2019 | Not Final | | |
| 1 / Failure to Maintain Sidewalks/Driveways | Guilty by Trial (Lower Court) | S | LO § 363-101 §§ 302.3 | |
| 2 / Failure to remove lawn equipment from home property. | Guilty by Trial (Lower Court) | S | LO § 363-101 §§ 324-10 | |
| 3 / Motor Vehicles | Guilty by Trial (Lower Court) | S | LO § 363-101 §§ 302.8 | |
| 4 / Weeds - IPMC Section 302.4 | Guilty by Trial (Lower Court) | S | LO § 363-101 §§ 302.4 | |
| 5 / R2 - Use Regulations | Guilty by Trial (Lower Court) | S | LO § 500 §§ 902 | |
| 6 / Failure to remove lawn equipment from home property. | Guilty by Trial (Lower Court) | S | LO § 363-101 §§ 324-10 | |

| **COMMONWEALTH INFORMATION** | | **ATTORNEY INFORMATION** | |
|---|---|---|---|
| Name: | Mark Landis Freed | Name: | |
| | Special Prosecutor | | |
| Supreme Court No: | 063860 | Supreme Court No: | |
| Phone Number(s): | | Rep. Status: | |
| 267-898-0570 | (Phone) | Phone Number(s): | |
| Address: | | | |
| Curtin & Heefner Llp | | | |
| 2005 S Easton Rd Ste 100 | | | |
| Doylestown, PA 18901 | | | |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 05/22/2019 | | Edwards, Gerald |
| Notice of Summary Appeal Filed | | | |
| Edwards, Gerald | | | |
| 05/22/2019 | Hand Delivered | | |
| Bucks County District Attorney's Office | | | |
| 05/23/2019 | E-Mail | | |
| MDJ-07-1-07 | | | |
| 05/23/2019 | E-Mail | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet informatic should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-SA-0000318-2019**
# SUMMARY APPEAL DOCKET
### Non-Traffic

Commonwealth of Pennsylvania
v.
Gerald Edwards

Page 1 of 4

### CASE INFORMATION

| | | |
|---|---|---|
| Judge Assigned: | | Date Filed: 05/22/2019    Initiation Date: 05/22/2019 |
| OTN: | LOTN: | Originating Docket No: MJ-07107-NT-0000241-2018 |
| Initial Issuing Authority: Daniel Baranoski | | Final Issuing Authority: Daniel Baranoski |
| Arresting Agency: Code Enforcement, Municipal | | Arresting Officer: Morgan, Sandra |
| Complaint/Incident #: R 2249617-6 | | |
| Case Local Number Type(s) | | Case Local Number(s) |

### STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Complaint Date: | 09/05/2018 |
|---|---|---|---|---|---|
| | | 05/22/2019 | Awaiting Original Papers | | |
| | | 05/22/2019 | Awaiting Summary Appeal Trial | | |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Summary Appeals | 07/19/2019 | 9:00 am | Room 3404 | | Scheduled |

### DEFENDANT INFORMATION

Date Of Birth:          11/02/1944          City/State/Zip: Langhorne, PA 19047

Alias Name
Edwards, Gerald Russell

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Edwards, Gerald |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | S | LO § 363-101 §§302.3 | Failure to Maintain Sidewalks/Driveways | 09/05/2018 | |
| 2 | 1 | S | LO § 363-101 §§324-101 | Failure to remove lawn equipment from home property. | 09/05/2018 | |
| 3 | 1 | S | LO § 363-101 §§302.8 | Motor Vehicles | 09/05/2018 | |
| 4 | 1 | S | LO § 363-101 §§302.4 | Weeds - IPMC Section 302.4 | 09/05/2018 | |
| 5 | 1 | S | LO § 500 §§902 | R2 - Use Regulations | 09/05/2018 | |
| 6 | 1 | S | LO § 363-101 §§324-101 | Failure to remove lawn equipment from home property. | 09/05/2018 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183

# COURT OF COMMON PLEAS OF BUCKS COUNTY

### DOCKET



Docket Number: CP-09-SA-0000318-2019

# SUMMARY APPEAL DOCKET

**Non-Traffic**

Commonwealth of Pennsylvania

v.

Gerald Edwards

Page 3 of 4

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/12/2019 | | Court of Common Pleas - Bucks County |
| Hearing Notice | | | |

CPCMS 9082

Printed: 06/23/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



### Docket Number: CP-09-SA-0000318-2019
### SUMMARY APPEAL DOCKET
#### Non-Traffic

Commonwealth of Pennsylvania

v.

Gerald Edwards

Page 4 of 4

**CASE FINANCIAL INFORMATION**

Last Payment Date: 05/22/2019

Total of Last Payment: -$64.00

| Edwards, Gerald<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs Fees** | | | | | |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Miscellaneous Issuances (Bucks) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Server Fee - Referred to County | $67.10 | -$0.97 | $0.00 | $0.00 | $66.13 |
| Server Fee - Referred to County | $55.50 | -$0.80 | $0.00 | $0.00 | $54.70 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Server Fee - Referred to County | $27.50 | -$0.40 | $0.00 | $0.00 | $27.10 |
| Constable Education Training Act | $5.00 | $0.00 | -$5.00 | $0.00 | $0.00 |
| Summary Appeal Filing Fee (Bucks) | $59.00 | -$59.00 | $0.00 | $0.00 | $0.00 |
| Automation Fee (Bucks) | $5.00 | -$0.03 | $0.00 | $0.00 | $4.97 |
| Costs/Fees Totals: | $544.60 | -$64.00 | -$5.00 | $0.00 | $475.60 |
| Grand Totals: | $544.60 | -$64.00 | -$5.00 | $0.00 | $475.60 |

** - Indicates assessment is subrogated

Printed: 06/23/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet informatic should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# DOCKET



**Docket Number: CP-09-SA-0000401-2019**
## SUMMARY APPEAL DOCKET
**Non-Traffic**

Commonwealth of Pennsylvania

v.
Gerald Edwards

Page 1 of 3

## CASE INFORMATION

Cross Court Docket Nos: 2301 EDA 2019

Judge Assigned:

OTN:                    LOTN:

Initial Issuing Authority: Daniel Baranoski

Arresting Agency: Code Enforcement, Municipal

Complaint/Incident #: R 2249661-1

Case Local Number Type(s)

Date Filed: 06/24/2019          Initiation Date: 06/24/2019

Originating Docket No: MJ-07107-NT-0000077-2019

Final Issuing Authority: Daniel Baranoski

Arresting Officer: Morgan, Sandra

Case Local Number(s)

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | | Complaint Date: | 04/11/2019 |
|---|---|---|---|---|---|---|
| | | 08/09/2019 | Sentenced/Penalty Imposed | | | |
| | | 08/09/2019 | Awaiting Sentencing | | | |
| | | 08/09/2019 | Awaiting Appellate Court Decision | | | |
| | | 06/24/2019 | Awaiting Original Papers | | | |
| | | 06/24/2019 | Awaiting Summary Appeal Trial | | | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Summary Appeals | 08/09/2019 | 9:00 am | Room 3404 | | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth:          11/02/1944          City/State/Zip: Langhorne, PA 19047

Alias Name
Edwards, Gerald Russell

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Edwards, Gerald |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | S | LO § 500-2305 §§ B1 | Failure to Apply for Permits for Fences | 04/11/2019 | |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event: | | Disposition Date | Final Disposition | |
|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | Grade | Section |
| Sentencing Judge | | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | | |

CPCMS 4992

Printer 09 10 2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa. C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-SA-0000401-2019**
## SUMMARY APPEAL DOCKET
Non-Traffic

Commonwealth of Pennsylvania
v.
Gerald Edwards

Page 2 of 4

### DISPOSITION SENTENCING/PENALTIES

Disposition
Case Event     Disposition Date     Final Disposition
    Sequence/Description     Offense Disposition     Grade    Section
      Sentencing Judge     Sentence Date     Credit For Time Served
       Sentence/Diversion Program Type     Incarceration/Diversionary Period     Start Date
         Sentence Conditions

| **Guilty by Trial (Lower Court)** | Defendant Was Not Present | |
|---|---|---|
| Lower Court Disposition | 05/29/2019 | Not Final |
| 1 / Failure to Apply for Permits for Fences | Guilty by Trial (Lower Court) | S    LO § 500-2305 §§ B1 |

**Guilty**

| **Summary Appeals** | 08/09/2019 | Final Disposition |
|---|---|---|
| 1 / Failure to Apply for Permits for Fences | Guilty | S    LO § 500-2305 §§ B1 |
| Waite, Clyde W. | 08/09/2019 | |

The following Judge Ordered Conditions are imposed:
Condition
Pay Costs & fines

| **COMMONWEALTH INFORMATION** | **ATTORNEY INFORMATION** |
|---|---|
| Name: | Name: |
| | |
| Supreme Court No: | Supreme Court No: |
| | Rep. Status: |
| | Phone Number(s): |

### ENTRIES

Sequence Number    CP Filed Date    Document Date        Filed By
Service To        Service By
   Issue Date    Service Type      Status Date     Service Status

| 1 | 06/24/2019 | | Edwards, Gerald |
|---|---|---|---|

Notice of Summary Appeal Filed
Bucks County District Attorney's Office
06/24/2019    E-Mail
Edwards, Gerald
06/24/2019    Hand Delivered
MDJ-07-1-07
06/24/2019    E-Mail

| 1 | 07/03/2019 | | Court of Common Pleas - Bucks County |
|---|---|---|---|

Hearing Notice

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-SA-0000401-2019**

# SUMMARY APPEAL DOCKET

### Non-Traffic

Commonwealth of Pennsylvania

Page 3 of 4

v.

Gerald Edwards

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/09/2019 | | Edwards, Gerald |
| Notice of Appeal to the Superior Court | | | |
| From the order 8/9/19 | | | |
| 2 | 08/09/2019 | | Edwards, Gerald |
| Motion for Finding and Facts and Conclusion in Law | | | |
| fwd | | | |
| Returned to file | | | |
| 3 | 08/09/2019 | | Bucks County District Attorney's Office |
| Exhibits Filed | | | |
| 4 | 08/09/2019 | | Waite, Clyde W. |
| Disposition Filed | | | |
| 5 | 08/09/2019 | | Waite, Clyde W. |
| Guilty | | | |
| 6 | 08/09/2019 | | Waite, Clyde W. |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 08/13/2019 | | Court of Common Pleas - Bucks County |
| Penalty Assessed | | | |

## PAYMENT PLAN SUMMARY

| Payment Plan No | Payment Plan Freq. | | Next Due Date | Active | | Overdue Amt |
|---|---|---|---|---|---|---|
| Responsible Participant | | | | Suspended | | Next Due Amt |
| 09-2019-P000004415 | Monthly | | 08/10/2020 | Yes | | $0.00 |
| Edwards, Gerald | | | | No | | $100.00 |

| | Payment Plan History: | Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|---|
| | | 04/20/2018 | Payment | Edwards, Gerald | Defendant | $5.00 |
| | | 05/21/2018 | Payment | Edwards, Gerald | Defendant | $47.00 |
| | | 05/22/2018 | Payment | Edwards, Gerald | Defendant | $5.00 |
| | | 05/31/2018 | Payment | Edwards, Gerald | Defendant | $40.25 |
| | | 05/31/2019 | Payment | Edwards, Gerald | Defendant | $40.25 |
| | | 05/31/2019 | Payment | Edwards, Gerald | Defendant | $19.50 |
| | | 06/24/2019 | Payment | Edwards, Gerald | Defendant | $5.00 |

Printed: 08/16/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-SA-0000401-2019**

# SUMMARY APPEAL DOCKET

**Non-Traffic**

Commonwealth of Pennsylvania

v.

Gerald Edwards

Page 4 of 4

**CASE FINANCIAL INFORMATION**

Last Payment Date: 08/09/2019

Total of Last Payment: -$59.00

| Edwards, Gerald<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Summary Appeal Filing Fee (Bucks) | $59.00 | ($59.00) | $0.00 | $0.00 | $0.00 |
| Automation Fee (Bucks) | $5.00 | ($5.00) | $0.00 | $0.00 | $0.00 |
| Superior Court Appeal (Bucks) | $59.00 | ($59.00) | $0.00 | $0.00 | $0.00 |
| ATJ | $6.00 | $0.00 | $0.00 | $0.00 | $6.00 |
| CJES | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $9.00 | $0.00 | $0.00 | $0.00 | $9.00 |
| County Court Cost (Act 204 of 1976) | $33.00 | $0.00 | $0.00 | $0.00 | $33.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| OAG - JCP | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| Sheriff Fee (Bucks) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| State Court Costs (Act 204 of 1976) | $9.00 | $0.00 | $0.00 | $0.00 | $9.00 |
| Postage (Bucks) | $2.00 | $0.00 | $0.00 | $0.00 | $2.00 |
| Summary Matters Charge (Bucks) | $32.00 | $0.00 | $0.00 | $0.00 | $32.00 |
| Admin Fee (Bucks) | $20.00 | $0.00 | $0.00 | $0.00 | $20.00 |
| Information Service Fee (Bucks) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Costs/Fees Totals: | $283.25 | ($123.00) | $0.00 | $0.00 | $160.25 |
| **Fines** | | | | | |
| Local Ordinance | $1,000.00 | $0.00 | $0.00 | $0.00 | $1,000.00 |
| Fines Totals: | $1,000.00 | $0.00 | $0.00 | $0.00 | $1,000.00 |
| Grand Totals: | $1,283.25 | ($123.00) | $0.00 | $0.00 | $1,160.25 |

\*\* - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M Wt: 114.60 kg Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# PROCEDURES AND TESTS

You were seen in the Emergency Department on: Thu Apr 11, 2019

**PROCEDURES PERFORMED**
No Information Available

**TESTS PERFORMED**
CARDIAC TROPONIN I
CBC with DIFF
Chest – 1 View
COMPREHENSIVE METABOLIC PANEL
Electrocardiogram
MAGNESIUM
Social Service Consult
Vital Signs – Orthostatic



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M Wt: 114.60 kg Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# DISCHARGE INSTRUCTIONS

The tooth pain may be made worse by drinking hot or cold fluids. It may spread from the tooth to the ear or jaw on the same side.

HOME CARE:
Avoid hot and cold foods, and liquids since your tooth may be sensitive to temperature changes.
If your tooth is chipped or cracked, or if there is a large open cavity, apply OIL OF CLOVES (available over-the-counter in drug stores) directly to the tooth to reduce pain. Some pharmacies carry an over-the-counter "toothache kit." This contains oil of cloves and a paste, which can be applied over the exposed tooth to decrease sensitivity.
An ice pack on your jaw over the sore area may help to reduce pain.
You may use acetaminophen (Tylenol) or ibuprofen (Motrin, Advil) to control pain, unless another pain medicine was prescribed. [ NOTE: If you have liver disease or ever had a stomach ulcer, talk with your doctor before using these medicines.]
If you have signs of an infection, an antibiotic will be given. Take it as directed.

FOLLOW-UP with your dentist as directed. Although your pain may go away with the treatment given, only a dentist can fully evaluate and treat this problem to prevent further tooth damage.

GET PROMPT MEDICAL ATTENTION if any of the following occur:
Redness or swelling of the face
Pain worsens or spreads to the neck
Fever over 100.5 °F (38°C)
Unusual drowsiness; headache or stiff neck; weakness or fainting
Pus drains from the tooth or gum
Difficulty swallowing or breathing

© 2000-2011 Krames StayWell, 780 Township Line Road, Yardley, PA 19067. All rights reserved. This information is not intended as a substitute for professional medical care. Always follow your healthcare professional's instructions.

**DIZZINESS, UNK CAUSE**
DIZZINESS [Uncertain cause]

Dizziness is a common symptom sometimes described as "lightheadedness" or feeling like you are going to faint. If it lasts for only a few seconds and is related to changes in position (such as getting up after lying or sitting for a long time), it ·is usually not a sign of anything serious. Dizziness that lasts for minutes to hours, or comes on for no apparent reason, may be a sign of a more serious problem (such as dehydration, a medicine reaction, disease of the heart or brain).

Today's exam did not show an exact cause for your dizzy spell . Sometimes additional tests are required before a cause can be found. Therefore, it is important to follow



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M  Wt: 114.60 kg  Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# DISCHARGE INSTRUCTIONS

up with your doctor if your symptoms continue.

HOME CARE:

1) If a dizzy spell occurs and lasts more than a few seconds, lie down until it passes. If you are lying down, then you cannot hurt yourself by falling if you do faint.

2) Do not drive or operate dangerous equipment until the dizzy spells have stopped for at least 48 hours.

3) If dizzy spells occur with sudden standing, this may be a sign of mild dehydration. Drink extra fluids over the next few days.

4) If you recently started a new medicine or if you had the dose of a current medicine increased (especially blood pressure medicine), talk with the prescribing doctor about your symptoms. Dose adjustments may be needed.

FOLLOW UP with your doctor for further evaluation within the next seven days, if your symptoms continue.

GET PROMPT MEDICAL ATTENTION if any of the following occur:

-- Worsening of your symptoms

-- Fainting, headache or seizure

-- Repeated vomiting

-- Feeling like you or the room is spinning

-- Chest, arm, neck, back or jaw pain

-- Palpitations (the sense that your heart is fluttering or beating fast or hard)

-- Shortness of breath

-- Blood in vomit or stool (black or red color)

-- Weakness of an arm or leg or one side of the face

-- Difficulty with speech or vision

© 2000-2011 Krames StayWell, 780 Township Line Road, Yardley, PA 19067. All rights reserved. This information is not intended as a substitute for professional medical



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M  Wt: 114.60 kg  Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# DISCHARGE INSTRUCTIONS

care. Always follow your healthcare professional's instructions.

## PRESCRIPTIONS (1)

Printed (1)

Augmentin : tablet : 875 mg–125 mg : ORAL
Quantity: 1, Unit: tab(s), Route: ORAL, Schedule: 2 times a day, Dispense: 20
    Unit: tab(s)



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M  Wt: 114.60 kg  Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# PROCEDURES AND TESTS

You were seen in the Emergency Department on: Thu Apr 11, 2019

**PROCEDURES PERFORMED**
No Information Available

**TESTS PERFORMED**
CARDIAC TROPONIN I
CBC with DIFF
Chest – 1 View
COMPREHENSIVE METABOLIC PANEL
Electrocardiogram
MAGNESIUM
Social Service Consult
Vital Signs – Orthostatic



**Name: Edwards, Gerald**
Age: 74Y DOB: Nov 02, 1944
Gender: M Wt: 114.60 kg Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# DISCHARGE INSTRUCTIONS

in Bucks County.

## FINAL DIAGNOSIS
decayed tooth

## ADDITIONAL DIAGNOSIS
Dental infection
Dizziness

## TREATED BY:
Attending Physician - Torradas Md, Jose
Primary Nurse(s)  - Maurstad, Julie; Burandt, Melissa

## FOLLOWUP CONTACTS

NONE, DOCTOR M, Medicine Family Practice
1205 LANGHORNE-NEWTOWN ROAD
LANGHORNE
LANGHORNE PA

TORRADAS, JOSE R, Medicine Emergency
1201 LANGHORNE-NEWTOWN ROAD
LANGHORNE
LANGHORNE PA
 Phone: (215)710-2100

## SPECIAL INSTRUCTIONS
Please follow up with outpatient physician this week for outpatient evaluation and
 long term care. We recommend follow up with local dentist for likely extraction of
 your tooth and continued care. Augmentin twice a day has been prescribed for tooth
 infection.  Important to stay well hydrated and eat regular meals.  Return to the
 ER for any acute or worsening symptoms for which you feel you need to be evaluated
 emergently.

## MEDICAL INSTRUCTIONS

### CAVITY DENTAL
DENTAL CAVITY

A dental cavity is a pit or crater in the enamel surface of the tooth. This exposes
the sensitive inner layer of the tooth and causes pain. If untreated, the cavity will
get bigger and may cause an infection or abscess in the root of the tooth. An
infection in the tooth is a much more serious problem and may require a root canal or
removal of the entire tooth.

## ST MARY MEDICAL CENTER
## PRIMARY

Edwards, Gerald
DOB: 11/2/1944 M74
Wt/Ht: 114.60 Kg 182.88 cm.
MedRec: 3774732
AcctNum: LP0335707857

*PREVIOUS VISIT ALLERGIES:* No Known Allergies. (Thu Apr 11 2019 10:59 SLQG)
No Known Allergies. (11 24 NJM3)

### PAST MEDICAL HISTORY
*PROVIDER ALERT:* Nursing history reviewed and agreed up to this time in documentation,
except were noted. (11 37 SCRF)
*MEDICAL HISTORY:* **Past medical history includes skin history, eczema, Flu vaccine not
up to date, Tetanus not up to date, Past medical history includes pulmonary disease, emphysema.
hard of hearing.** (11:24 NJM3)
*SURGICAL HISTORY:* **Patient has no surgical history.** (11:24 NJM3)
*PSYCHIATRIC HISTORY:* **No previous psychiatric history.** (11 24 NJM3)
*SOCIAL HISTORY:* **Patient is a former tobacco user, smoked cigarettes.** Patient
quit smoking more than 10 years ago. **Patient denies alcohol use, Patient denies drug use, Lives
at home, alone.** (11:24 NJM3)
*FAMILY HISTORY:* **Family history reviewed and not relevant. FHx reviewed, Family history
reviewed and not relevant. Family history reviewed.** (11 24 NJM3)
Family Hx reviewed. (11:37 SCRF)
*NOTES:* Nursing history reviewed and agreed up to this time in documentation, except were
noted. (11:45 SCRF)

### CURRENT MEDICATIONS (11:2 NJM3)
*Med History Denied*
*Med and Allergy History from Patient*

### NURSING ASSESSMENT: DENTAL (11:20 NJM3)
*CONSTITUTIONAL:* Patient cooperative, Patient alert, Oriented to person, place and time,
Skin warm, Skin dry, Skin normal in color, Mucous membranes pink, Mucous membranes moist, Gait
steady, History obtained from patient, Patient appears comfortable.
*PAIN:* Patient rates pain as 0 out of 10.
*DENTAL:* **Teeth abnormal:. gums tender, right lower.** Notes: **Pt missing most
teeth, swelling and redness just posterior to right lower tooth. Pt reports discomfort began about a
month ago.**
*SAFETY:* Side rails up, Cart/Stretcher in lowest position, Call light within reach, Hospital ID
band on.

### NURSING ASSESSMENT: NEURO
*NEURO:* Pupils equally round and reactive to light, Able to close eyes, Face symmetrical,
Speech normal, GCS:, Eye opening: (4) – Spontaneous, Verbal: (5) – Oriented/conversive,
Motor: (6) – Obeys commands/Spontaneous, GCS Total: **15**, Hand grasps equal, Upper
extremity strength strong, Foot press equal, Lower extremity strength strong, **Associated with
dizziness described as. feeling unsteady,** Notes: **PT complains to MD feeling
intermittently dizzy.** (11:45 NJM3)
Pupils equally round and reactive to light, Able to close eyes, Face symmetrical, Speech normal,
GCS:, Eye opening: (4) – Spontaneous, Verbal: (5) – Oriented/conversive, Motor: (6) – Obeys
commands/Spontaneous, GCS Total: **15**, Hand grasps equal, Upper extremity strength strong,
Foot press equal, Lower extremity strength strong, **Associated with dizziness described as.
feeling unsteady,** Notes: **Pt watching TV, no distress noted.** (12:45 NJM3)
Pupils equally round and reactive to light, Able to close eyes, Face symmetrical, Speech normal,
GCS:, Eye opening: (4) – Spontaneous, Verbal: (5) – Oriented/conversive, Motor: (6) – Obeys
commands/Spontaneous, GCS Total: **15**, Hand grasps equal, Upper extremity strength strong,
Foot press equal, Lower extremity strength strong, Notes: **Pt awaits social work, no complaints
offered.** (13:45 NJM3)
*ENT:* Nasal assessment findings include nose normal to inspection, Sinuses normal, Nasal
mucosa normal, Mouth and throat assessment findings include mouth inspection normal, Mucous



**Name:** Edwards, Gerald
Age: 74Y DOB: Nov 02, 1944
Gender: M  Wt: 114.60 kg  Ht: 182.88 cm
MedRec: 3774732
AcctNum: LP0335707857
Attending: PJT
Primary RN: NJM3
Bed: ED 2V 10

# ST MARY MEDICAL CENTER
# DISCHARGE INSTRUCTIONS

in Bucks County.

## FINAL DIAGNOSIS
decayed tooth

## ADDITIONAL DIAGNOSIS
Dental infection
Dizziness

## TREATED BY:
Attending Physician - Torradas Md, Jose
Primary Nurse(s)  - Maurstad, Julie; Burandt, Melissa

## FOLLOWUP CONTACTS

NONE, DOCTOR M, Medicine Family Practice
1205 LANGHORNE-NEWTOWN ROAD
LANGHORNE
LANGHORNE PA

TORRADAS, JOSE R, Medicine Emergency
1201 LANGHORNE-NEWTOWN ROAD
LANGHORNE
LANGHORNE PA
 Phone: (215)710-2100

## SPECIAL INSTRUCTIONS
Please follow up with outpatient physician this week for outpatient evaluation and
long term care.  We recommend follow up with local dentist for likely extraction of
your tooth and continued care.  Augmentin twice a day has been prescribed for tooth
infection.  Important to stay well hydrated and eat regular meals.  Return to the
ER for any acute or worsening symptoms for which you feel you need to be evaluated
emergently.

## MEDICAL INSTRUCTIONS

### CAVITY DENTAL
DENTAL CAVITY

A dental cavity is a pit or crater in the enamel surface of the tooth. This exposes
the sensitive inner layer of the tooth and causes pain. If untreated, the cavity will
get bigger and may cause an infection or abscess in the root of the tooth. An
infection in the tooth is a much more serious problem and may require a root canal or
removal of the entire tooth.

**GERALD EDWARDS**
2721 N DARIEN ST          (215) 981-0709      8-23-19
PHILADELPHIA, PA                    19133    Refills Left:   0
VENTOLIN HFA INHALER                         DOB: 11-02-44
00173-0682-20  GLAXO SMITHKLINE   EXP: 8/22/20     #200
Price:    $59.96     Copay:    $8.50              DAW: 0
ALLEN, ALLISON                              Bill:  ARP
Phone:    (215) 710-2633        DEA:    MA5022695
1205 LANGHORNE NEWTO     State License:    B
LANGHORNE PA 19047       RPh: AB      Rx# **514557**

**GERALD EDWARDS**                          8-23-19
Rx: **514557**

ALLEN, ALLISON
RPh: AB
Copay:    $8.50                        **Bill: ARP**

Received by: _____

PATIENT: ( )Counseled  ( )Refused Counseling  ( )Other

Rx: **514557**
**GERALD EDWARDS**       8-23-19 RPh: AB
2721 N DARIEN ST
PHILADELPHIA, PA
VENTOLIN HFA INHALER      19133
#200
COPAY:   **$8.50**    (215) 981-0709
                      **BILL: ARP**
            **NO REFILLS**

**ST.CLARE PHARMACY**
1203 LANGHORNE NEWTOWN RD
LANGHORNE, PA          19047

                                    **TELEPHONE Rx**
                                      8-23-19

**GERALD EDWARDS**                    Rx: **514557**
2721 N DARIEN ST      (215) 981-0709  Refills Left:  0
PHILADELPHIA, PA            19133     DOB: 11-02-44
VENTOLIN HFA INHALER                  QTY:  #200
NDC:  00173-0682-20   GLAXO SMITHKLINE
Price:    $59.96    Copay:    $8.50    Bill:  ARP    **\*ORIGINAL\***
ALLEN, ALLISON
Phone:    (215) 710-2633        DEA:    MA5022695
1205 LANGHORNE NEWTO     State License:    B
                        LANGHORNE PA 19047    RPh: AB

USE (2) SPRAYS BY MOUTH EVERY 4-6     **TIME:** _____
HOURS AS NEEDED
                                      **DATE:** _____

                                      **DAW:** ___0___

**ST.CLARE PHARMACY**
1203 LANGHORNE NEWTOWN RD
LANGHORNE, PA     19047   **(215) 710-7427**
DEA: FS2339441

Rx# **514557**  Refills Left: 0                8-23-19
Fcr: **GERALD EDWARDS**
2721 N DARIEN ST   PHILADELPHIA PA 19133
USE (2) SPRAYS BY MOUTH EVERY 4-6
HOURS AS NEEDED

**VENTOLIN HFA INHALER**
#200
ALLEN, ALLISON              GLAXO SMITHKLINE

                           Rph: AB

SMPG-St Mary Physicians Group • 1205 Langhorne-Newtown Rd, LANGHORNE PA 19047-1219

EDWARDS, GERALD (id #387563, dob: 11/02/1944)

# Referral Order

06/04/2019

| To Provider | From Provider |
|---|---|
| **JEAN MURPHY**<br><br>**333 N OXFORD VALLEY RD STE 106**<br>**FAIRLESS HILLS, PA 19030**<br>**Phone:**<br>**Phone: (215) 945-8222**<br>**Fax:**<br>**Fax: (215) 945-8224** | **ALLISON ALLEN, CRNP**<br>**SMPG_St Mary Health Main Campus**<br>**1205 Langhorne-Newtown Rd Suite 102**<br>**LANGHORNE, PA 19047-1219**<br>**Phone: (215) 710-2633**<br>**Fax: (215) 710--2638** |

## Referral Order Information

| Diagnosis | • Dental caries<br>ICD-10: K02.9: Dental caries, unspecified |
|---|---|
| Order Name | **Orders included: 1**<br><br>**Dental caries**<br>**ICD-10: K02.9: Dental caries, unspecified**<br>• **DENTAL REFERRAL**<br>    **Schedule Within: provider's discretion** |
| Notes | |

## Patient Information

| Patient Name | **EDWARDS, GERALD** |
|---|---|
| Sex - DOB - Age | **M 11/02/1944 74yo** |
| Address | **2721 N DARIEN ST**<br>**PHILADELPHIA, PA 19133-2011** |
| Phone | **H: (267)226-9709** |
| Primary Insurance | **MEDICARE-PA (MEDICARE)** |
| Secondary Insurance | |

Electronically Signed by: ALLISON ALLEN, CRNP

_____
06/04/2019 2:47pm
ALLISON ALLEN, CRNP

## EDWARDS, GERALD (id #387563, dob: 11/02/1944)

Patient

| | | | |
|---|---|---|---|
| **Name** | EDWARDS, GERALD (74yo, M) ID# 387563 | **Appt. Date/Time** | 06/04/2019 01:45PM |
| **DOB** | 11/02/1944 | **Service Dept.** | SMPG_St Mary Health Main Campus |
| **Provider** | ALLISON ALLEN, CRNP | | |
| **Insurance** | Med Primary: MEDICARE-PA (MEDICARE) Insurance # : 196345404A Prescription: OPTUMRX - Member is eligible. | | |

Chief Complaint

new patient

Patient is here today to get established. He was in the ER on April 11th, 2019. He was never admitted. He was there for dizziness.

Patient's Pharmacies

**ST. CLARE PHARMACY (ERX): 1203 LANGHORNE NEWTOWN RD, LANGHORNE PA 19047, Ph (215) 710-7427, Fax (215) 710-7434**

Vitals

**Ht:** 6 ft Standing

**Wt:** 250 lbs 8 oz With clothes

**BMI:** 34

**BP:** 118/72 sitting R arm

**Pulse:** 66 bpm regular

**T:** 97.7 F° ear

**O2Sat:** 98% Room Air at Rest

Measurements

None recorded.

Allergies

Reviewed Allergies
NKDA

Medications

No medications reported

Problems

Reviewed Problems

Family History

Reviewed Family History

Social History

Reviewed Social History
**Adult General**
***ABUSE*** last updated: 06/04/2019
Date Previous Abuse Screening Performed:: 06/04/2019
Have you ever been emotionally or physically abused by your partner, caregive or someone important to you?: No
Within the past year, have you been hit, kicked or otherwise physically hurt by someone?: No
Within the last year, has anyone forced you to have sexual activity?: No
Are you afraid of your partner, caregiver or anyone else?: No
Clinician/Family believes neglect, abuse, or exploitation may exist:: No
***AMBULATORY*** last updated: 06/04/2019
Is the patient ambulatory?: Yes: walks without restrictions
***TOBACCO (Smoking/Smokeless)*** last updated: 06/04/2019
Smoking Status: Former smoker
What type of smoking product used?: Cigarette
Smoker (1/2 PPD)
Has smoked since age: 18
Smokeless tobacco status?: Never user

.

·  · · · ·· · ·· ·· · · ·· 1705 Langhorne Newtown Rd., LANGHORNE PA, 19047-1719 · · · · · · · · · · · ·· ·· ·· ·· ·· ·· ·· ·· ·· ·

## EDWARDS, GERALD (id #387563, dob: 11/02/1944)

- DIZZINESS: CARE INSTRUCTIONS

**5. Retention of urine** - History of urinary retention s/p catheterization and flomax. Pt no longer taking flomax and denies any symptoms.
  R33.9: Retention of urine, unspecified
- URINARY RETENTION: CARE INSTRUCTIONS

**6. Reduced visual acuity** - referral provided.
  H54.7: Unspecified visual loss
- OPHTHALMOLOGY REFERRAL -    Schedule Within: provider's discretion

**7. Nocturia** - Check PSA.
  R35.1: Nocturia
- PSA, SERUM OR PLASMA

**8. History of emphysema** - Stable. Has never followed with specialist. Reports use of an inhaler at some time, but no longer requiring. Will continue to monitor.
  Z87.09: Personal history of other diseases of the respiratory system

**9. At risk for falls** - STEADI 6/14: Pt not currently taking any medications. Will continue to monitor symptoms.
  Z91.81: History of falling

**10. Screening for malignant neoplasm of colon** - recommended screening - give colonoscopy referral.
  Z12.11: Encounter for screening for malignant neoplasm of colon
- COLONOSCOPY REFERRAL -    Schedule Within: provider's discretion

**11. Body mass index 30+ - obesity** - Encouraged healthy diet and exercise habits.
  Z68.34: Body mass index (BMI) 34.0-34.9, adult
- A HEALTHY LIFESTYLE: CARE INSTRUCTIONS
- BODY MASS INDEX: CARE INSTRUCTIONS
- LEARNING ABOUT HEALTHY WEIGHT
- LIPID PANEL
  Fasting: Y

**Goals**

Return to Office
- Allison Allen, CRNP for Established Patient 45 at SMPG_St Mary Health Main Campus on 09/04/2019 at 09:30 AM

Encounter Sign-Off
Encounter signed-off by Allison Allen, CRNP, 06/04/2019.

Encounter performed and documented by Allison Allen, CRNP
Encounter reviewed & signed by Allison Allen, CRNP on 06/04/2019 at 6:53pm

Screening:        PHQ-2/PHQ-9  GAD-7  STEADI Fall Risk

IN THE COMMONWEALTH COURT OF PENNSYLVANIA



COMMONWEALTH OF
PENNSYLVANIA

NO.

v.

GERALD EDWARDS

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter our appearance as Solicitor for Middletown Township, Bucks County on

behalf of the Commonwealth of Pennsylvania in the above-captioned action.

CURTIN & HEEFNER LLP

Date: 2019        By:

Mark L. Freed, Esq.
PA ID No. 63860
James J. Esposito
PA ID 93183
Doylestown Commerce Center
2005 S. Easton Road, Suite 100
Doylestown, PA 18901
Tel.: 267-898-0570
mlf@curtinheefner.com
jje@curtinheefner.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

— — —

COMMONWEALTH OF PENNSYLVANIA   :   No:
                                     :   CP-09-SA-0000318-2019
            V.                  :   CP-09-SA-0000401-2019
                                       :
     GERALD EDWARDS               :

— — —

**BEFORE:   THE HONORABLE CLYDE W. WAITE, JUDGE**

— — —

Doylestown, Pennsylvania

— — —

Friday, August 9, 2019

— — —

Summary Appeal

— — —

APPEARANCES:

MARK LANDIS FREED, ESQUIRE
    Representing the Commonwealth

GERALD EDWARDS, pro se

MICHAEL GOSSELIN, OFFICIAL COURT REPORTER

```
 1          two summary appeals that are here for
 2          determination today, that is 318 of
 3          2019, and 401 of 2019.
 4               Are you saying that there are
 5          motions that you're filing with respect
 6          to those two summary appeals?
 7               MR. EDWARDS:  Yes.  And complaints
 8          too.
 9               THE COURT:  What do you mean
10          "complaints"?
11               MR. EDWARDS:  A criminal complaint.
12               THE COURT:  You're filing a criminal
13          complaint?
14               MR. EDWARDS:  (Nods.)
15               THE COURT:  Against the township?
16               MR. EDWARDS:  Yes.
17               THE COURT:  Well, now, I don't know
18          if this is going to be some kind of
19          circus, but -- and you're here without
20          counsel.  But I suspect, based on what
21          I've heard so far, that there have been
22          some extensive interactions between you
23          and Middletown Township about this
24          property.
25               And I would suspect that you have
```

1        some knowledge, maybe it's basic, but I

2        suspect you have some knowledge of the

3        process and procedures that we follow

4        here.

5             So if there is some kind of a motion

6        that you are filing with respect to the

7        citations that have been filed against

8        you, you said that you served them on

9        Mr. Freed who said that he has not

10       received any motions from you.

11            Now, are these motions something

12       that you filed with respect to those

13       prior citations or do they relate to

14       these current citations?

15            MR. EDWARDS:  Well, can I file these

16       today?

17            THE COURT:  I don't know what

18       "these" are.  You would file -- if you

19       were filing motions, you would generally

20       file the motions with the, I guess it

21       would be the Clerk of Courts, these

22       being quasi-criminal.

23            MR. EDWARDS:  I did file a few

24       things with the Clerk of Courts, but I

25       didn't get no response.

1              MR. EDWARDS:  Right.

2              THE COURT:  That's up to you to

3         determine what you should do.  And as I

4         said, I presume that you have some basic

5         knowledge of what takes place here.

6              What are these motions that you have

7         right now?  What do they deal with?

8              MR. EDWARDS:  Well, I did file one.

9         I sent one --

10             THE COURT:  Would you repeat --

11        would you repeat the question I just

12        asked you.

13             MR. EDWARDS:  Yes.  Subject matter

14        jurisdiction.

15             THE COURT:  Subject matter

16        jurisdiction?  And what about that?

17             MR. EDWARDS:  Once subject matter

18        jurisdiction has arrived, the Court --

19        or the plaintiff has to prove subject

20        matter jurisdiction so that they have

21        jurisdiction over the matter.

22             THE COURT:  And?

23             MR. EDWARDS:  Okay.  The next one

24        would be --

25             THE COURT:  Well, what is it -- so

```
 1              you're saying that this proceeding can't
 2              go forward because the Court does not
 3              have subject matter jurisdiction?  Is
 4              that what you're saying?
 5                   MR. EDWARDS:  Right.
 6                   THE COURT:  And what is your reason
 7              for saying that there is no jurisdiction
 8              here?
 9                   MR. EDWARDS:  The Pennsylvania
10              Constitution stipulates how the laws are
11              passed.  Article 3 -- Article 3 all the
12              way through to 10, stipulates how the
13              law is passed.
14                   Criminal procedure is another one
15              that was not followed for -- to get the
16              matter to this Court.
17                   THE COURT:  Well --
18                   MR. EDWARDS:  Okay.
19                   THE COURT:  These motions have not
20              been filed and, therefore --
21                   MR. EDWARDS:  Nature and cause.
22                   THE COURT:  They have not been
23              filed; therefore, they are not before
24              this Court, so...
25                   All right.  Mr. Freed, you can start
```

```
 1                    Basis for the objection?
 2                    MR. EDWARDS:  Yes.  The things --
 3               the matter that I raised was that the
 4               township ordinances are not laws
 5               according to the Pennsylvania
 6               Constitution, Article 3, going through,
 7               I believe, 10.
 8                    THE COURT:  All right.  The
 9               objection is overruled.
10                    Go ahead.
11   BY MR. FREED:
12      Q.  So what do your duties entail as a code
13   enforcement officer?
14      A.  When we receive concerns or complaints from
15   residents, even sometimes non-residents that come into
16   the township, regarding property maintenance, it could be
17   under zoning ordinances, I am required to go out and look
18   at the property and make a determination if, one, A) the
19   property is in violation under our township ordinances,
20   and of course I have to apply the violation to the exact
21   written ordinance.
22          I send a letter of violation if the property is in
23   violation for the specific issue.
24      Q.  And then what happens after a notice of violation?
25      A.  I state in the letter they have 30 days to comply
```

```
16   C-5.
17            MR. FREED:  Your Honor, I premarked
18       these just to keep things moving, so
19       they may be out of order a little bit.
20       I apologize.
21            THE COURT:  Go ahead.
22            MR. FREED:  May I approach, Your
23       Honor?
24            THE COURT:  Yes.
```

20

```
 1            hearings that I have to be at at 1:30,
 2       so...
 3            MR. FREED:  Okay.  I -- Your Honor,
 4       my expectation was this might take about
 5       half an hour if that's okay with Your
 6       Honor.
 7            THE COURT:  It takes as long as it
 8       takes, but I have -- I'm going to have a
 9       room full of people in about an hour.
10            MR. FREED:  Okay.  I will -- I will
11       move it.  I'll keep it moving, Your
12       Honor.
13   BY MR. FREED:
14       Q.  So is this -- is this document the notice of
15   violation that you issued in August of 2018?
16       A.  Yes.
17       Q.  And this is based on an inspection that you made
18   in August of 2018?
19       A.  Yes
```

24

1          was at the property.  Now, if you want
2          to cross-examine her when your turn
3          comes, you can do that.  But if she has
4          been at your property and has seen the
5          property, then she can testify that she
6          was at your property.
7               The same thing would go for you if
8          you were to have a photograph.  I'd have
9          to rely on your statement that the
10         photographs were taken at your property.
11              So that's the basis for her
12         testimony.
13              MR. EDWARDS:  It's not my property.
14         It's Wild River Enterprise.
15              THE COURT:  The objection is
16         overruled, so go ahead.
17              MR. FREED:  Thank you, Your Honor.
18   BY MR. FREED:
19      Q.  And with regard to the pictures, I noticed that
20   the first one is dated August 1, 2019, correct?
21              THE COURT:  Just a minute.  Let me
22         explore this.
23              You're saying, Mr. Edwards, that you
24         don't own this property that you've been
25         cited for?

```
 1                    MR. EDWARDS:  No.  I've been working
 2            for Wild River Enterprises.
 3                    THE COURT:  Are you saying that the
 4            property is owned by a corporation?
 5                    MR. EDWARDS:  Yes, sir.
 6                    THE COURT:  And --
 7                    MR. EDWARDS:  I work for them from
 8            time to time.  I'm retired.
 9                    THE COURT:  Just a moment.
10                    Mr. Freed, has this issue been
11            raised before about ownership of this
12            property?
13                    MR. FREED:  It gets raised
14            sometimes; it doesn't get raised other
15            times.  I'm prepared with evidence to
16            address the issue.
17                    THE COURT:  Well, there are records
18            that judicial notice can be taken of.
19                    MR. FREED:  I have them.
20                    THE COURT:  So is there a deed that
21            shows that this property belongs to him
22            or --
23                    MR. FREED:  I do not -- I do not
24            have the deed.  I do have the corporate
25            records showing that Wild River
```

1   Enterprises is defunct.

2     THE COURT:  Well, you -- I presume

3   that there has been some attempt to

4   determine ownership of the property?

5     MR. FREED:  We believe, based on our

6   MuniLogic and other data, that it's

7   owned by Mr. Edwards.  And in any event,

8   it's clearly occupied by him.

9     THE COURT:  Well, who is the record

10   owner for purposes of the Recorder of

11   Deeds and the Board of Assessment?

12     MR. FREED:  I do not have the deed,

13   Your Honor, but --

14     THE COURT:  But wasn't there some

15   attempt to determine who the owner was?

16   I mean, it would only take going to the

17   Recorder of Deeds.  And I presume that

18   there are tax bills that go out from the

19   township.  How can that be any -- how

20   can there be some question about it?

21     MR. FREED:  Because ownership is not

22   a necessary element of the violations.

23     THE COURT:  That's not what I am

24   asking you right now.  I'm asking you

25   whether anyone took the time to check to

1   see who the record owner was.

2       THE WITNESS:  Your Honor, under

3   county records it says Gerald Edwards

4   trading as, and then underneath it says

5   Wild River Enterprises, LLC.

6       THE COURT:  All right.  Well, then

7   there is something in the Recorder of

8   Deeds Office.

9       THE WITNESS:  Well, because

10  Mr. Edwards recorded it that way.  Two

11  years ago we --

12      THE COURT:  Just a moment.  Where

13  did you get that information that it was

14  Gerald Edwards trading as Wild River

15  Enterprises?

16      THE WITNESS:  On Bucks County's

17  records.  As I stated --

18      THE COURT:  And those records --

19      THE WITNESS:  I cross-referenced --

20      MR. FREED:  Your Honor, I have --

21      THE COURT:  I mean, these are basic,

22  these are as fundamental as it gets.

23      There is a -- there has to be a

24  named person, and you know this,

25  Mr. Freed.  There has to be someone

1       whose name is on that -- on the records

2       as the deed -- the record owner.

3           MR. FREED:  Understood, Your Honor.

4       But record ownership is not an

5       element --

6           THE COURT:  I'm not talking about

7       whether it is an element or not, and you

8       know that as well.  Now, let's not joust

9       about things that we know is not the

10      issue.

11           I'm asking a very basic question.

12      Now, we can -- after that question is

13      answered, then you can move to the next

14      question.  But for right now I'd like to

15      know who the record owner is on the

16      deed.  And if it's Gerald Edwards

17      trading as Wild River Enterprises, then

18      that should not be something that would

19      be subject to discussion.

20           MR. FREED:  Based on the county tax

21      records --

22           THE COURT:  Based on the --

23           MR. FREED:  I don't have the deed,

24      Your Honor.

25           THE COURT:  Did I ask you if you had

```
1     the deed?
2          MR. FREED:  I have -- we have the
3     county tax records, which I do not --
4     it's one of the things --
5          THE WITNESS:  Your Honor, do you
6     want me to look for it?
7          MR. FREED:  I'm going to ask the
8     witness to --
9          THE COURT:  Well, you said that you
10    checked the ownership, in your summary
11    at the outset, that you checked the
12    township records and that they
13    coordinated with the county records.
14         MR. FREED:  Yes.  We have them --
15         THE COURT:  Well, then there were
16    county records that were looked at.
17         MR. FREED:  Correct.
18         THE COURT:  Well, then what were
19    they that you looked at?
20         MR. FREED:  Your Honor, the witness
21    will pull it out here if we have a copy.
22         THE WITNESS:  I do have it.  I do
23    have it.
24         MR. EDWARDS:  Some of these
25    photos you can't even --
```

1          THE COURT:  Hold on.

2          (Pause in the proceedings.)

3                    — — —

4          THE COURT:  Do you have your tax

5     records, something that shows who the

6     tax bills are sent to?

7          MR. FREED:  Yes, Your Honor.

8          THE COURT:  And who is that?

9          MR. FREED:  Gerald Edwards trading

10    as Wild River.

11         THE COURT:  All right.  Go on.

12    Let's not waste --

13         MR. FREED:  There it is.

14         THE WITNESS:  There it is.  Sorry.

15         How about if I give you this --

16    this.

17         (A discussion was held off the record.)

18                    — — —

19         THE COURT:  I'm going to, for the

20    moment, take judicial notice of the

21    records of the Recorder of Deeds.  And I

22    will be checking -- and I'll check to

23    confirm.

24         Let's move on.  We really don't have

25    -- we just don't have the time.

Inst # 1000586034 - Page

BUCKS COUNTY



Neshaminy Park

10         THE COURT:  Let me ask one question.

11    On C-9, driveways, you say undriveable.

12    It does not meet township ordinances.

13    And specifically what is it about the

14    driveways or the sidewalks that make

15    them out -- that takes them out of

16    compliance with the township ordinances?

17         THE WITNESS:  The surface is rough.

18         THE COURT:  Is there an ordinance

19    that says that driveways have to meet

20    certain specifications?

21         THE WITNESS:  Sidewalks, driveways,

22    all sidewalks -- all sidewalks,

23    walkways, and driveways, parking spaces

24    in similar areas, shall be kept in a

25    proper state of repair and maintained

1       free from hazardous conditions.

2           Two years ago I tried to enter this

3       driveway in a four-wheel-drive vehicle,

4       and I was -- I got stuck, myself and a

5       police officer.  So we had to try to

6       maneuver the vehicle to get back down

7       because of all the ruts.

8           And after it rains there's a lot of

9       mud.  As you can see in the pictures

10      it's severely overgrown.  It's just not

11      driveable.

12          Now, to the -- there's another --

13          MR. FREED:  I think that answers the

14      question.

15          Your Honor, does that answer your

16      question?

17          THE COURT:  Not fully.  When you

18      have a driveway, is it supposed to be --

19      is it supposed to have a certain rock or

20      cinder base or be concrete or be

21      blacktopped, or if it doesn't have those

22      items that makes them nonhazardous, is

23      there something about dirt driveways

24      that -- or are dirt driveways not

25      acceptable under the township ordinance?

6

```
 1                    Let's say the dirt driveway is level and

 2                    without ruts or overgrown with

 3                    vegetation.

 4                         THE WITNESS:  It's not specifically

 5                    spelled out if, you know, a hard product

 6                    like blacktop, concrete.  Some people

 7                    use stone for a base in the driveway,

 8                    but that's to keep it free from hazards,

 9                    ruts.

10                         THE COURT:  So is it the ruts that

11                    makes it --

12                         THE WITNESS:  Hazardous.

13                         THE COURT:  -- that takes it out of

14                    compliance --

15                         THE WITNESS:  Correct.

16                         THE COURT:  -- because the ruts

17                    constitute a hazard?

18                         THE WITNESS:  Correct.

19                         THE COURT:  Is that what the

20                    ordinance says?

21                         THE WITNESS:  Well, it's says free

22                    from hazardous conditions.  And in my

23                    opinion this driveway is a hazard.

24    BY MR. FREED:

25       Q.  Does it also have to be in a proper state of
```

1  repair?

2     A.  Well, it does, and it's not.  It's rutted.  It's

3  overgrown.  If one should try to walk it, you will be

4  falling down.

5                    THE COURT:  Anything else that you

6                want to bring to my attention with

7                respect to the driveways and sidewalks?

8                    THE WITNESS:  No, Your Honor.

9                    THE COURT:  All right.  Go on.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BUCKS



# Payment Determination Hearing Notice

Commonwealth of Pennsylvania
v.
Gerald Edwards

| | |
|---|---|
| Mag. Dist. No: | MDJ-07-1-07 |
| MDJ Name: | Honorable Daniel Baranoski |
| Address: | 142 Centre Street |
| | Penndel, PA 19047 |
| Telephone: | 215-757-6761 |

Gerald Edwards
1652 Prospect Avenue
Parkland, PA 19047

Docket No:    MJ-07107-NT-000077-2019
Case Filed:   4/11/2019
Comp/Cit #:   R 2249661-1

CiP- 09-SA 000 401 2019

---

**Charge(s)**

LO § 500-2305 §§ B1 (Lead)    Failure to Apply for Permits for Fences

A Payment Determination Hearing has been scheduled for the above captioned case to be held on/at:

| Date: Thursday, June 13, 2019 | Place: Magisterial District Court 07-1-07, Penndel |
|---|---|
| | 142 Centre Street |
| Time: **8:45 AM** | Penndel, PA 19047 |
| | 215-757-6761 |

Comments: **Defendant failed to appear at hearing. Found guilty in absentia. 30 days to file an appeal. To file an appeal contact the** Clerk of Courts at (215) 348-6000. No collateral posted. Balance due. Thank you!

I, Honorable Daniel Baranoski, hereby state that on May 29, 2019, I sentenced you, Gerald Edwards, the above defendant, to pay a fine and/or costs in the amount of $1,092.75 for violating the above charge(s). You have failed to pay the above fines and/or costs, and accordingly, I have set a payment determination hearing to determine your financial status due to your failure to pay the fines and costs which were imposed against you in the above captioned case. To date, you owe this court $1,092.75 in fines, fees and costs.

At the hearing, you must appear and inform the court of any changes in your financial condition. The court may extend, accelerate, leave unaltered or impose imprisonment for non-payment of these fines and costs. If you fail to appear, a warrant may be issued for your arrest. If it is determined that you are financially able to pay, your case may be referred to a private collection agency.

At this hearing, you may have a right to be represented by an attorney. If you cannot afford an attorney and you qualify, one may be appointed for you. Please contact:

Bucks County Public Defenders Office
100 N Main St.
1st Floor
Doylestown, PA 18901

for additional information regarding the appointment of an attorney.

Payment of fines and costs in FULL will excuse the necessity of your appearance at this hearing.

May 29, 2019

_____
Date

_____
Magisterial District Judge Daniel Baranoski

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the **Magisterial District Court at the above address or telephone number. We are unable to provide transportation.** You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at http://ujsportal.pacourts.us to make a payment.

This is a letter of tort; I Gerald Edwards is filling a law suite in U.S. court  Easten division Philadelphia Pa. For damages to me.In the case cp-09-sa=0000318 2019.As the magistrate had no authority to send me,and the jail had none to admit me.

GERALD EDWARDS

267 981 0709

| Gerald Edwards V. Bucks County Correction Facility | u.s. 42-1983 |

In the case of cp-09-sa-318-2019 and cp-09-sa-104-2019.I am suing under u.s. 42-1983 the Bucks county correctional facility.

GERALD EDWARDS

*Gerald Edwards*

267 9810709

291