BEKP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



GERALD EDWARDS,
    Plaintiff

v.                                 CIVIL ACTION NO. 19-CV-4923

BUCKS COUNTY CORRECTIONAL
FACILITY,
    Defendant.

FILED
OCT 29 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

**PRATTER, J.**                                                               **OCTOBER 25, 2019**

Plaintiff Gerald Edwards, a self-represented litigant, filed this civil action pursuant to 42 U.S.C. § 1983 against the Bucks County Correctional Facility based on the conditions of his recent confinement. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint with leave to file an amended complaint.

**I.**     **FACTS**

As is typical of Mr. Edwards's filings, his Complaint consists of sparse allegations and voluminous exhibits. Mr. Edwards has been found guilty of numerous summary offenses based on violations of local ordinances related to the maintenance of his property. *See Commonwealth v. Edwards*, CP-09-SA-0000401-2019; CP-09-SA-0000318-2019; CP-09-SA-0000219-2018; CP-09-SA-0000301-2018 (Bucks Cty. Ct. of Common Pleas). This is the seventh lawsuit that Mr. Edwards has filed about these citations or events stemming from or related to his prosecution, conviction, and related confinement. *See Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.); *Edwards v. Morgan*, Civ. A.

10/29/19
Mailed to Plaintiff

No. 19-1897 (E.D. Pa.); *Edwards v. Rice*, Civ. A. No. 19-3559 (E.D. Pa.); *Edwards v. Baranoski*, Civ. A. No. 19-4609 (E.D. Pa.); *Edwards v. Freed*, Civ. A. No. 19-4851 (E.D. Pa).

In the instant lawsuit, Mr. Edwards raises claims based on the conditions of his confinement at the Bucks County Correctional Facility from April 3, 2019 through April 8, 2019. Mr. Edwards alleges that he informed the nurse at the "admitting place or intake center" that he had two infected teeth, that he had been feeling dizzy over the past few weeks, and that he suffers from emphysema. (Compl. ECF No. 2 at 9.) Mr. Edwards also alleges that he submitted paperwork to see a doctor. He claims that he did not receive medical treatment during his brief incarceration.[1] Mr. Edwards seeks unspecified equitable relief and damages in the amount of $500,000.

## II. STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v.*

---

[1] Mr. Edwards also raises allegations about the prosecution or prosecutions that led to his conviction and imprisonment. These allegations are unrelated to his claims pertaining to his conditions of confinement. Furthermore, Mr. Edwards has raised the same or similar allegations in prior lawsuits. Because the Court has already addressed these allegations in Mr. Edwards's prior lawsuits, any claims based on those allegations are dismissed as duplicative. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) (explaining that "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims"). In any event, these claims are not pled in a manner that states a claim against the Defendant such that Mr. Edwards would be able to proceed on them.

2

*United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). County jails are not "persons" that are "subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Accordingly, the Bucks County Correctional Facility is not an entity susceptible to suit under § 1983. The Bucks County Correctional Facility is the only Defendant in this matter. Therefore, Mr. Edwards's claims fail. However, it is possible that Mr. Edwards could amend his Complaint to state a claim against an appropriate defendant. Therefore, he will be given an opportunity to file an amended complaint based on the alleged failure to provide medical care during his recent incarceration.[2]

---

[2] To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

3

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to his filing an amended complaint in the event he can state a plausible claim against an appropriate defendant based on the conditions of confinement. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.